HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. WILLIAM BRIN.
No. 6556.

1. **Care by Railway at Railway Crossing.**—The statute (Rev. Stats., art. 4232) does not require the bell to be rung or the whistle to be blown on starting at a railway crossing. Railway v. York, 74 Texas, 370. See facts.

2. **Contributory Negligence.**—See charge upon contributory negligence approved by the court.

ERROR from Travis. Tried below before Hon. A. S. Walker.

This was an action for damages for personal injury suffered by the defendant in error by colliding with an engine of the plaintiff in error at Corsicana, Texas.

The passenger train of plaintiff in error had come to a full stop and had been at rest for several minutes north of and near the track of the

Texas & St. Louis Railway. The engine was cut loose from the train and moved south across the track of the Texas & St. Louis Railway Company. At this time many passengers had been awaiting the arrival of the train of the latter company. When it arrived going south it halted at the depot platform, where part of the waiting passengers entered. It then passed across the track of plaintiff in error, going to a coal bin to coal up. From some cause the passengers left at the platform thought it best to go from the platform to the cars so as to enter them. The passengers were crossing when the engine of plaintiff in error, north of the Texas & St. Louis Railway track, was cut loose and moved swiftly forward, crossing the track of the latter, passing through the crowd. Employes testified that the bell was ringing and the starting had been signaled by the whistle. This was contradicted. In this movement defendant in error was struck and injured.

The opinion sufficiently states the other facts.

The court, after stating the case instructed the jury: "It is the duty of the defendant company and its employes to ring the bell . . . blow the whistle on starting at a railroad crossing, and to keep a lookout for persons in danger from the movements of the engine, and to take and use such care and skill in handling the engine and to avoid inflicting injury as the mass of prudent persons in like business are accustomed to exercise.

"It is the duty of a person about to cross a railroad track to make use of his senses of sight and hearing in order to avoid a collision, and to use such care for his safety that ordinarily prudent men in such circumstances are accustomed to use.

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the circumstances would not have done. Negligence is the failure to perform a duty, and the duty is measured by the exigencies of the situation under investigation.

"Keeping these general definitions in mind, the jury will by preponderance in the evidence act upon the following special instructions:

"If they find that at the time and place, as alleged in the petition, while the plaintiff was taking proper care of himself, through the negligence of the defendant company or of its employes he was run upon by the engine of defendant, and by such collision he received bodily injury, they will find for the plaintiff such damages, if any, as were the natural and proximate effect of such collision; including, if shown by the testimony, loss of time, physical and mental pain and suffering, medical bills and medicines, and lessened capacity to earn wages in his business, as may be shown by the testimony.

"If they should find that the defendant company and its employes were negligent in handling the engine, and that the collision, as alleged, was the cause of the injury; still if from the testimony the plaintiff him-

self was guilty of negligence in attempting to cross the track of the defendant, and that he saw or heard the approaching engine, or by the use of his senses by ordinary care could have seen or heard it, and so attempted to cross the track in immediate front of and near the approaching engine, and that such negligence contributed to the collision and consequent injury, then the jury will find for the defendant."

Verdict and judgment for plaintiff for $613. The defendant appealed.

*O. T. Holt,* for plaintiff in error. — 1. It was error for the court to state to the jury what constituted diligence on the part of defendant company by stating that "it is the duty of the defendant company and its servants and employes to ring the bell and blow the whistle on starting at a railroad crossing." Rorer on Rys., 1059.

2. To make the omission to ring the bell or blow the whistle negligence itself, there must be some difficulty in the way of the plaintiff seeing or hearing the approaching train or engine. Rorer on Rys., 1004, 1059; 59 Texas, 71; 61 Texas, 50; Terry v. Jewett, 78 N. Y., 528.

*Walton, Hill & Walton,* for defendant in error.

HOBBY, JUDGE.—William Brin, defendant in error, sued the plaintiff in error, the Houston & Texas Central Railway Company, in the District Court of Travis County, Texas, September 24, 1883, alleging in his petition that plaintiff in error's road on the 25th day of January, 1883, extended from Houston, in Harris County, to and through Corsicana, in Navarro County, Texas, over which line of road locomotive engines were run and operated.

That on or about the said 25th day of January, 1883, and while said defendant was operating and using its said railroad, plaintiff was a passenger on the cars and train of the Texas & St. Louis Railway, which last named company was at said time and still is a common carrier of passengers and freight, owning and operating a line of railroad from Texarkana, in the county of Bowie, and State of Texas, to the said city or town of Corsicana, in said county of Navarro, and through said town of Corsicana in such manner and so that the said railroad track of said Texas & St. Louis Railway crossed and intersected the said railroad track of plaintiff in error in and at the said town of Corsicana, and requiring of plaintiff in error, its agents, and employes the duty of exercising great care and diligence in the control and management of its engines and cars at and about said point of intersection.

That prior to said accident both of said roads maintained an eating house near said intersection, which was an eating station for passengers.

The defendant in error's petition further alleged that while he was at or near said point of intersection of said railways on or about said 25th

day of January, 1883, as aforesaid, and while in the act of going to the cars or coach of said Texas & St. Louis Railway as a passenger thereon, it was necessary for him to pass over the said track of plaintiff in error in order to arrive at said coach on the track of the Texas & St. Louis Railway, where it was standing, and that while he was so upon said track of plaintiff in error, plaintiff in error did negligently, carelessly, and willfully propel and drive along its track one of its said locomotive engines with such force and with such speed and with such violence against petitioner so that petitioner was thereby wounded, bruised, and injured; that one of defendant in error's ankles was thereby so bruised and sprained as to cause him great suffering and pain, and one of defendant in error's knees was thereby so wounded, lacerated, and bruised as to cause and produce a permanent injury thereto.

The plaintiff in error answered the above and foregoing allegations of defendant in error by a general demurrer and general denial, and by special plea to the effect that the defendant in error was the sole cause and author of the misfortune that befell him, in that he was then and there in the attempt to cross this plaintiff in error's track and right of way in front of one of plaintiff in error's steam engines, and in full view thereof, and in so attempting defendant in error himself was then and there rash and reckless, imprudent, and incautious, and was so the cause and author of his own misfortune.

It appears from the evidence that the defendant in error was a passenger on the train of the Texas & St. Louis Railway; that he was injured in an effort to cross the track of the Houston & Texas Central Railway in order to board the passenger train of the Texas & St. Louis Railway Company.

The defendant in error with his family were at the town of Corsicana, Texas, waiting for the Texas & St. Louis train to leave going south, and had been so waiting for an hour or more before that passenger train arrived from the north. When it arrived it pulled up to the depot and discharged its passengers, and then moved back across the track of the plaintiff in error (the two roads crossing at that point) to "coal up" the engine. The defendant in error testifies "that while it was taking coal the rest of those waiting rushed across the Houston & Texas Central Railway track, and I and my wife and children followed. When I got on the Houston & Texas Central Railway track, with my baby in my arms, its engine caught me and my baby on the pilot, falling backwards." He further described his injuries, and testified that a great many persons were present, and it was between 8 and 9 o'clock at night. "No warning was given whatever," he said, "or notice of the engine's approach. Heard no bell or whistle."

There was other evidence to the effect that he was warned not to cross the track, one witness testifying that he told him the passenger train

of the Texas & St. Louis Railway, which had backed for the purpose of coaling, would return to the platform for passengers. There was proof also that there was no necessity for crossing the track of plaintiff in error to board the passenger train of the Texas & St. Louis Railway Company. There was proof also that the signals were given of the approach of the engine, and that the headlight was shining brightly, and that there was nothing to prevent defendant in error from seeing the engine approach.

Plaintiff below recovered judgment for $613 and costs.

The first error relied on is that the court erred in giving the following charge, to-wit: "It is the duty of the defendant company and its servants and employes to ring the bell and blow the whistle on starting at a railroad crossing, and to keep a lookout for persons endangered from the movements of the engine, and to take and use such care and skill in handling the engine as to avoid inflicting injury as the most prudent in like business are accustomed to exercise."

There was error in the foregoing instruction. The statute (Rev. Stats., art. 4232) does not require the bell to be rung or the whistle to be blown "on starting at a railroad crossing."

There seems to be no controversy as to the fact that the accident resulting in appellee's injury occurred near a place where two lines of railroad cross each other. In approaching such crossing the engine is required to be "brought to a full stop." Railway v. York, 74 Texas, 370.

It is proper to say that the charge did not require the use of such care and skill to avoid inflicting injury as "the most prudent in like business are accustomed to exercise," but such as the mass of prudent persons in like business are accustomed to exercise.

The next assignment is as follows: "The court erred in not giving the following charge asked and refused: 'If the jury find from the evidence that the plaintiff's injuries resulted from his attempting to cross the railroad track immediately in front of an approaching locomotive engine propelled by the agents of defendant, the burden of proof is on the plaintiff William Brin to show affirmatively not only the want of ordinary care and caution on the part of the agents of defendant but the exercise of due care and caution on the part of plaintiff Brin; and if the jury find from the evidence that the negligence or want of due care or caution of the plaintiff, William Brin, caused the accident, or even contributed to produce the injury, or that it could have been avoided by the exercise of due care on the part of plaintiff Brin, then the plaintiff can not recover and you will find for defendant."

There was no error in refusing this, because the charge of the court we think sufficiently instructed the jury, in effect, that appellee could not recover if he contributed to his own injury by the want of care and prudence.

For the error in the charge mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 6, 1890.