LYON et al. v. PHILLIPS et al. (No. 1822.)

(Court of Civil Appeals of Texas. Texarkana. June 21, 1917.)

1. NEGLIGENCE ⚙︎136(30)—IMPUTED NEGLIGENCE—JURY QUESTION.

The negligence of the owner and driver of an automobile resulting in a collision at a railroad crossing may not be imputed, as matter of law, to one riding with him as a mere guest.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 350–352.]

2. RAILROADS ⚙︎327(12) — ACCIDENTS AT CROSSINGS—CARE REQUIRED.

The want of ordinary care on the part of one riding with another in his automobile as a mere guest would be measured by whether he failed in his duty to keep a lookout and warn his companion operating the automobile when he discovered the approach of a train at a crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1055.]

3. RAILROADS ⚙︎350(21) — ACCIDENT AT CROSSING—JURY QUESTION.

In an action against a railroad for death caused by a crossing collision by one riding in an automobile as a guest, question of contributory negligence of deceased held for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1176.]

4. TRIAL ⚙︎234(7) — INSTRUCTIONS — BURDEN OF PROOF.

An instruction that "the burden of proof is upon the defendants to prove by a preponderance of the evidence the defensive matters as pleaded by them" was erroneous as susceptible of the construction of imposing the burden of establishing defendant's defense of contributory negligence by evidence offered by the defendant alone.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 537.]

5. RAILROADS ⚙︎310—ACCIDENT AT CROSSING—DUTY OF RAILROAD.

A railroad company's duty to exercise due care in the operation of trains at crossings necessarily includes the duty of looking out for and discovering any traveler in the lawful use of the crossing, in checking the speed of the trains or using other means of avoiding injury; hence an instruction authorizing a finding of negligence vel non respecting the speed of a train which struck automobile in which deceased was riding at a crossing and the maintenance of a lookout was not error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 982–987.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Katie T. Phillips and others against Cecil A. Lyon and another, receivers of the International & Great Northern Railway. Judgment for plaintiffs, and defendants appeal. Reversed, and remanded for another trial.

About three miles east of the city of Waco the Marlin-Waco public road intersects the International & Great Northern Railway track. W. W. Phillips was riding along the public road in an automobile, in company with and as the guest of John F. Collins, who was the owner of and was operating the automobile. As the front wheel of the automobile passed over the farthest rail of the track at the crossing it was struck by the locomotive of appellants' passenger train, resulting in the death of both Phillips and Collins. The action is by the wife and two children of W. W. Phillips against appellants for damages occasioned by the death of the said husband and father. The petition alleges that the collision and consequent death of W. W. Phillips was caused by the negligence of appellants as follows: (1) That the train was being operated at a high and dangerous rate of speed under the circumstances; (2) that the operatives of the locomotive failed to sound the whistle and ring the bell for the crossing as required by the statute; and (3) that the operatives of the locomotive failed to keep a proper lookout for travelers upon the said public road. The appellants besides denial specifically plead contributory negligence. The jury decided the issues of fact in favor of the plaintiffs, and judgment was entered in accordance with the verdict.

Three lines of appellants' railway track form a triangle, or "Y," about three miles south of Waco. Coming from Waco south the public road crosses the west prong or track of the "Y," and then turns to the left, or east, and runs 350 feet to where it crosses the east prong of the "Y." The deceased and his companion were going east, and the collision and death in suit occurred on the east

prong or track of the "Y." The collision occurred at night. The automobile was going east at a speed of between 15 and 18 miles an hour. The passenger train was going in a northerly direction at a speed of between 30 and 35 miles an hour. The evidence is conflicting in reference to whether warning was given of the approaching train by blowing the whistle and ringing the bell. The headlight of the engine was shining brightly. On the south side of the public road stands a storehouse with a gallery in the front. The house is 41 feet in length. A few trees stand in front of the house. There is a barn 45 feet back from the storehouse. It is 93 feet from the nearest corner of the storehouse to the center of the track where the injury occurred. It appears that as the automobile came out from behind the storehouse, which was within 93 feet of the center of the track, the engine was back from the crossing between 225 and 270 feet. It also appears that the headlight of the engine shone directly upon deceased and his companion as the automobile came from behind the store. The automobile and the engine both reached the crossing at the same time.

Neff & Taylor, of Waco, and Wilson, Dabney & King, of Houston, for appellants. Williams & Williams, Edgar Harold, and W. R. Saunders, all of Waco, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The appellants asked and the court refused to give a peremptory instruction to the jury, and it is insisted that the ruling of the court was erroneous because the evidence conclusively established that the deceased was guilty of such contributory negligence as would bar a recovery in the case. In the circumstances it may not be said, it is thought, that it conclusively appears that Collins and the deceased were aware of the approach of the train at a time before they reached the storehouse. It does appear, though, that the headlight of the engine shone directly upon them as they came out from behind the store, the corner of which was 93 feet from the center of the railway crossing; and this fact would go to show that they knew that the train was approaching the crossing. And it appears that the automobile at the speed at which it was going could have been stopped before it reached the track. But John F. Collins was the owner of and was operating the automobile, and Phillips, the deceased, was riding merely as the guest of Collins. And the negligence of John F. Collins may not be imputed, as a matter of law, to the deceased, Phillips. 3 Elliott on Railroads, § 1174; Garteiser v. Railway Co., 2 Tex. Civ. App. 230, 21 S. W. 631; Railway Co. v. Gibson, 83 S. W. 862. And the want of ordinary care on the part of the deceased, riding with another as his mere guest, would be measured by whether he failed in his duty to keep a lookout and to warn his companion, operating the automobile, when he discovered the approach of the train. 2 Thompson on Neg. § 1621. There is no direct evidence indicating the precautions taken by the deceased. The circumstances arising out of the physical facts immediately preceding the collision alone speak upon the question of contributory negligence of the deceased. Those circumstances do not speak with sufficient weight to conclusively determine the question as a matter of law.

[3] In view of the peculiar facts of the present record, the question of the contributory negligence of the deceased was properly, it is believed, passed to the jury for decision in point of fact.

By the fifth assignment of error the following instruction to the jury is challenged as erroneous, in view of the facts, viz.:

"The burden of proof is upon the defendants to prove by a preponderance of the evidence the defensive matters as pleaded by them."

[4] The defendant specially pleaded contributory negligence of the deceased. And under the evidence on the trial the question of contributory negligence arose to be submitted to the jury. The circumstances in the plaintiffs' case, as devolved in their behalf, may not be said, it is concluded, to be entirely consistent with due care on the part of the deceased. As the evidence in behalf of the plaintiffs may have been sufficient to raise a question upon deceased's want of care, even if the defendant had offered no evidence in that respect, it is believed that the charge as given was erroneous and injurious in this case. A general charge, as this, has been held to be susceptible of the construction of imposing the duty of discharging that burden by the evidence offered by the defendants alone. Suderman & Dolson v. Kriger, 50 Tex. Civ. App. 29, 109 S. W. 373.

[5] The court authorized a finding of negligence vel non respecting the rate of speed of the train and of maintaining a lookout upon the locomotive for travelers upon the public road. The charge was objected to and made the basis of error on appeal. The duty on the part of a railway company of exercising due care in the operation of trains at railway crossings necessarily includes the duty of looking out for and discovering any traveler in the lawful use of the crossing and in checking the speed of the train or using other means to avoid injuring him. It is concluded that the charge was authorized and was not erroneous. Railway Co. v. Smith, 87 Tex. 348, 28 S. W. 520; Railway Co. v. Phillips, 37 S. W. 620.

For the error pointed out, the judgment is reversed, and the cause remanded for another trial.