## TEXAS ELECTRIC RY. CO. v. CRUMP.
(No. 6057.)

(Court of Civil Appeals of Texas. Austin. March 12, 1919. On Rehearing, June 4, 1919.)

1. TRIAL ⌖252(1)—INSTRUCTIONS—LACK OF EVIDENCE.

It is error for the trial court to submit to the jury an issue which is not supported by competent evidence.

2. STREET RAILROADS ⌖118(1) — INSTRUCTIONS—ISSUES.

In an action by one injured while riding in an automobile which collided with a street car, an instruction submitting negligence of defendant *held* within the pleadings.

3. APPEAL AND ERROR ⌖759—BRIEFS—ASSIGNMENTS OF ERROR.

In order to entitle a party to the benefit of a ground of error contained in a motion for new trial, it must be correctly copied as an assignment in the brief; that is, the assignment must be at least substantially the same as the grounds shown in the record.

4. APPEAL AND ERROR ⌖754(2) — MATTERS REVIEWABLE—WAIVER OF OBJECTIONS.

One who asked a special instruction on contributory negligence, which would cure the omission of such issue from a paragraph of the charge, but did not assign error for the failure to give it, error of the court in omitting such issue from the charge, was waived.

5. DAMAGES ⌖185(1)—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for personal injuries, evidence *held* to show damages.

6. NEGLIGENCE ⌖121(2)—PRESUMPTIONS.

Negligence will not be presumed from the mere fact of accident or injury.

7. NEGLIGENCE ⌖122(1) — CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.

Contributory negligence will not be presumed from the mere fact of accident or injury.

8. NEGLIGENCE ⌖138(2) — INSTRUCTIONS — RES IPSA LOQUITUR.

Unless the evidence shows a case without proof tending to show negligence, it is not error to refuse to charge that negligence cannot be presumed from the mere fact of accident or injury, but is a fact that must be proven as any other fact in issue.

9. TRIAL ⌖260(1)—INSTRUCTIONS.

It was not error to refuse requested instruction covered by a given instruction.

10. APPEAL AND ERROR ⌖231(9)—MATTERS REVIEWABLE—OBJECTIONS.

Complaint cannot be made that a charge submitted the issue of negligence generally, and did not specifically submit the acts of negligence pleaded for the first time on motion for new trial, where it was not objected to on that particular ground on the trial.

---

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. STREET RAILROADS ⬿114(10)—COLLISION —SUFFICIENCY OF EVIDENCE—SPEED.**

In an action by one injured while riding in an automobile which collided with a street car, evidence *held* to sustain a finding that the street car was operated at a dangerous rate of speed.

**12. STREET RAILROADS ⬿117(11)—COLLISION —QUESTION FOR JURY.**

In an action by one injured while riding in an automobile which collided with a street car, whether the motorman saw the automobile in a position of danger in time to have slowed down and avoided the injury *held* for the jury.

**On Rehearing.**

**13. APPEAL AND ERROR ⬿722(1)—MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.**

An assignment, complaining of a charge in "that it makes the defendant liable for the injury alleged to have been sustained by the plaintiff without reference to any negligence on the part of plaintiff that could attribute (contribute) to what was the true and proximate result (cause) of plaintiff's injuries," the words in parentheses, not being in the ground of error contained in the motion for new trial, will be considered; the changes not being material.

**14. TRIAL ⬿252(7) — INSTRUCTIONS — EVIDENCE OF CONTRIBUTORY NEGLIGENCE.**

Instructions in a negligence case need not refer to contributory negligence, where there is no evidence raising the issue.

**15. NEGLIGENCE ⬿93(1) — IMPUTED NEGLIGENCE.**

Negligence of a driver of an automobile will not be imputed to one riding as a passenger.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by M. Crump against the Texas Electric Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant.

Alva Bryan and G. W. Barcus, both of Waco, for appellee.

BRADY, J. This is a personal injury suit for damages arising out of a collision between a street car of appellant and an automobile in which appellee was riding at the time of the accident. Two grounds of negligence were alleged by appellee: First, that the motorman on the street car was, at the time of the accident, operating the car at a very high and dangerous rate of speed; and, second, that at the time of the injuries an employé in charge of such street car saw appellee in a position of peril in the automobile on appellant's tracks, and failed to exercise proper care to stop the street car, and negligently and wantonly propelled the car into and against the automobile in which plaintiff was riding as a passenger.

The case was tried before a jury, submitted upon a general charge of the court, and ver-

dict and judgment rendered for appellee in the sum of $200.

[1] Appellant's first assignment of error complains of paragraph 11 of the court's charge because it is claimed that it was a charge on the weight of the evidence, in that there was no evidence of any negligence on the part of defendant in the record. The paragraph complained of is as follows:

"Now, you are instructed that if you find from the preponderance of the testimony in this case that on or about the 16th day of February, 1917, the defendant's agents or employés in charge of one of defendant's street cars ran said street car into and against the automobile in which plaintiff was riding, and that the acts of the employés in charge of said street car, in running against said automobile, if they did run against it, were negligence, as that term is herein defined, and that said collision was the direct and proximate result of such negligence, if any, on the part of said employés, and that as the direct and proximate result thereof the plaintiff was injured, then you will find for the plaintiff."

In our opinion, the charge is not open to the objection embodied in this assignment. We agree with appellant that it is error for the trial court to submit to the jury an issue which is not supported by competent evidence, but the proposition is not applicable to this case. There was evidence that the car was being operated on one of the public streets of the city of Waco, approaching a switch on appellant's tracks, very fast, and at the rate of 20 miles an hour, from which the jury might reasonably have inferred that the car at and just before the accident was being operated at a high and dangerous rate of speed, under all the circumstances. There were also facts in evidence from which the jury might reasonably have inferred that the motorman in charge of the street car saw the automobile in which appellee was a passenger, in a perilous position, on or near the switch on appellant's tracks, and that he failed to exercise ordinary care to stop or slow up the street car in time to have averted the injuries. There was evidence tending to show the contrary in both particulars, but this was a fact question for the jury, as was also the question whether such acts or failure were negligence. In this state of the record, it cannot be said that there was no evidence to justify the submission of the issue of negligence, as is asserted in such assignment; and it is therefore overruled.

[2] The second assignment is to the effect that the court erred in submitting the same paragraph of its charge, because it is not supported by any pleadings, and because there is no evidence whatever supporting this issue.

What we have said in disposing of the first assignment applies to the second, and the latter is also overruled.

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The third assignment complains of the same paragraph of the charge, because it places a greater burden on appellant than is required by law, in this:

"That it makes the defendant liable for the injuries alleged to have been sustained by the plaintiff, without reference to any negligence on the part of plaintiff that could attribute (contribute) to or was the direct and proximate result (cause) of plaintiff's injuries."

[3, 4] It is well settled that, in order to entitle a party to the benefit of a ground of error contained in a motion for new trial, it must be correctly copied as an assignment in the brief; that is, the assignment must at least be substantially the same as the ground shown in the record. We have examined the transcript, and find that appellant has, in the assignment, made material changes in and additions to the ground as contained in the motion for new trial. Therefore we are of the opinion that this assignment should not be considered; but if it should be considered, we think it should be overruled, because the record discloses that the objections now presented in the assignment in the brief were not the objections made in the motion for new trial. Furthermore, the objection, as actually made below, was contradictory and was confusing, if not unintelligible. It may be added that at most this objection did not point out affirmative error in the court's charge, but a mere omission to qualify or limit it so as to preserve or safeguard appellant's plea of contributory negligence. Appellant asked a special instruction on contributory negligence, curing the alleged omission, but does not assign error in its brief for the failure to give it, and for this additional reason the assignment would have to be overruled, if considered by us. For the reasons indicated, the third assignment will not be considered.

[5] The fourth assignment asserts that the court erred in submitting paragraph 13 of the charge on the measure of damages, because there is not one scintilla of evidence in the record showing damages sustained by appellee.

In view alone of the facts recited in the statement under this assignment in appellant's brief, we are at a loss to understand how such an assignment could be presented. The statement shows that appellee was cut on the forehead, temple, and jaw, one of the wounds having to be stitched up, and the other injuries pulled together with adhesive plaster; that there were wounds on appellee's throat, scalp, and nose; that he remained in bed for at least two days; that his knees were skinned and his breast hurt; that he did not eat anything for eight days; and that because of the pain in the breast he could not walk for three or four weeks. We think it is manifest that there was at least a scintilla of evidence in the record showing injuries;

and it should be added that there are additional facts in the record, not deemed necessary to be set out, but which are, in our opinion, ample to sustain the verdict of the jury. It is true the injuries were not serious and probably not permanent, but the verdict was small. Regarding the assignment as without merit, it is overruled.

The fifth assignment is to the effect that the trial court erred in not giving special charge No. 5 requested by appellant, which was as follows:

"You are charged that negligence cannot be presumed from the fact of an accident or injury, but is a fact that must be proven as any other fact in issue."

[6-9] It is doubtless the law that negligence on the part of either the plaintiff or defendant will not be presumed from the mere fact of accident or injury. Where the evidence shows a case without proof tending to show negligence, such a charge as above requested would be proper. Indeed, if there is no proof supporting the issue of negligence, it would not be a fact question for the jury, but a proper case for a peremptory instruction. The authorities cited under this assignment are cases of that nature. In view of the issues made by the evidence in this case, we do not think appellant was entitled to the charge requested. It embodied a correct principle of law, but was not called for by the facts of this case. If appellant is right in its contention in the argument made under this assignment, it was entitled to a peremptory instruction. Furthermore, the jury were, in effect, instructed by the eleventh and twelfth paragraphs, in connection with the entire charge of the court, that before they could find for appellee they must determine that appellant was guilty of negligence in one or more of the particulars alleged in the petition, and that as the proximate result thereof appellee was injured. The charge is not open to the objection that it was reasonably calculated to lead the jury to believe that they were free to presume negligence from the mere fact of the accident or injuries. Therefore we conclude that it was not reversible error to refuse to give the charge in question. The assignment is overruled.

The sixth assignment complains that the trial court erred in not giving appellant's special charge No. 1, which was a request for a peremptory instruction. In our opinion, the evidence raised issues of fact for the determination of the jury, and it was therefore not error for the trial court to refuse to peremptorily instruct for appellant. The sixth assignment is overruled.

The seventh and last assignment asserts that the trial court erred in not granting appellant a new trial, because the verdict of the jury and judgment of the court are contrary to the law and evidence, in that appel-

lee alleged specific acts of negligence, and the issue submitted to the jury was a general charge on negligence, and not confined to the specific acts pleaded; that there were no pleadings to authorize the court's charge to the jury, nor any evidence justifying the submission of the issues.

[10] For at least two reasons we think this assignment must be overruled. In the first place, appellant did not complain of the court's charge, because it submitted the issue of negligence generally, and did not specifically submit the acts of negligence pleaded by appellee; and this assignment is really an attack upon the charge of the court. Our statute provides, in effect, that a charge of the court will be regarded as approved, and any objections thereto ·waived, unless prior to it being read to the jury objection is made, pointing out wherein the charge in erroneous. The manifest purpose of this statutory provision is to enable the trial court to correct its errors before the law of the case is given in charge to the jury. As stated, no such objection was made to the charge, and it was too late to raise the point in a motion for new trial.

[11, 12] Furthermore, the claim in this assignment that neither the pleadings nor the evidence justified the submission of the issue of negligence is not sustained by the record. We have pointed out, in briefly discussing other assignments, that, in our opinion, there were proper pleadings and sufficient evidence to make negligence a fact question for the jury. One witness testified that the street car ·just before and at the time of the accident was going very fast, about 20 miles an hour. The accident occurred at the switch on appellant's tracks on one of the traveled public streets .of the city of Waco, and we think this evidence .was sufficient to raise the issue of negligence pleaded by appellee that the street car was being run at a high and dangerous rate of speed. The testimony of appellee's witnesses also shows that the street car knocked the automobile some 40 or 50 feet back down the street; that the automobile was on or near the street car track for a distance of 75 yards, going in opposite direction to the street car, with the lights burning on both, and nothing to prevent the motorman from seeing the automobile for that distance. The motorman himself testified that when he first saw the automobile he was a half block away from it; but he claimed that it was in the clear at .that time, and that the driver suddenly turned the automobile onto the track when he .was but a short distance away from the street car. He further stated that he could have stopped the car if the automobile had been on the track 100 feet away. The testimony of both the driver of the automobile and appellee is that they were on the track, with lights burning on the car, facing the approaching street car at the time they first saw the street car, which was then probably 30 or 40 yards away, or about 100 feet. There is no evidence that there was any obstacle preventing the motorman from seeing the approaching automobile for at least that distance. Under these circumstances, it seems clear that it was a question of fact for the jury whether the motorman saw appellee and the automobile in a position of danger on or near its tracks in time to have slowed down the street car, and have avoided injuring appellee. It follows that this assignment must also be overruled.

There being, in our opinion, no reversible error shown in the record, the case will be affirmed.

## On Rehearing.

[13] In the original opinion we declined to consider the third assignment of error, for the reason that the assignment did not correctly copy the ground of error shown in the motion for new trial, and that there had been material changes and additions made. Upon reconsideration of this matter, we have concluded that this holding gave too much weight to the literal requirements of the rules. Fairly considered, the additional words contained in parentheses were merely explanatory of the meaning of certain terms used in the original ground of error, and were evidently intended to make plain the meaning of the same. Therefore we have decided to consider the assignment.

We have concluded to adhere to our former holding that the objection to the court's charge urged in the third assignment of error pointed out a mere omission, inasmuch as the question of contributory negligence, under the facts and circumstances of this case, was a purely defective matter. Indeed, appellant recognized that such was the case by asking a special instruction on contributory negligence to cure the alleged omission. This charge ·was refused, but appellant has not assigned any error upon the court's failure to give it, and therefore we think the supposed error, in not safeguarding this defense in the main charge, was waived.

[14, 15] If we should be mistaken in this holding, there is another consideration which is deemed a complete answer to the proposition under the third assignment. We .have examined the statement of facts, and believe that there .was no evidence raising the issue of contributory negligence on the part of appellee. As to the driver of the automobile, Lanham Hix, the issue of contributory negligence was substantially and seriously raised by the evidence. At the request of plaintiff, the court charged the jury that, although they might believe that the driver of the automobile was guilty of negligence, such negligence, if any, could not be imputed to the plaintiff. No error is assigned upon the giving of this charge, which seems to be in . accord with the settled law of, this state.

Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Lyon v. Phillips, 196 S. W. 995; Railway Co. v. Gibson, 83 S. W. 862. This being the law, the negligence of Lanham Hix must be disregarded, and the question is wholly relegated to the negligent acts of appellee contributing to his injuries. We have been unable to find any evidence tending to show that he was guilty of negligence. There is affirmative evidence to the effect that when the driver of the automobile got upon the street car track, and appellee saw the approaching street car, he immediately warned Lanham Hix, the driver, and told him to get off the track.

For the additional reason that the evidence did not raise the issue of contributory negligence by appellee, the third assignment of error is overruled.

We have considered the other questions presented in the motion for rehearing, and are of the opinion that they are without merit. However, appellant has requested us to file our findings of fact by which negligence on the part of appellant is shown by the evidence, and has asked us to set out the evidence.

In the original opinion, we stated that the witness Lanham Hix testified that the street car was running very fast, and about 20 miles an hour, and that this was sufficient to support the inference of negligence as found by the jury. It is not deemed necessary to set out the evidence tending to support the issues of negligence, as this would entail the recital of much of the evidence showing the facts and circumstances surrounding the collision, which would be an unreasonable burden. It is sufficient to say, and we find, that there was evidence to support the findings of the jury upon these issues.

We have also been requested by appellant to show specifically from the court's charge wherein the jury were told that "they must determine that appellant was guilty of negligence in one or more of the particulars alleged in the petition," as was stated by us in the opinion. We did not state that the jury were expressly or in terms thus instructed. What we said was that—

"Furthermore, the jury were in effect instructed by the eleventh and twelfth paragraphs, in connection with the entire charge of the court, that before they could find for appellee they must determine that appellant was guilty of negligence in one or more of the particulars alleged in the petition, and that, as the proximate result thereof, appellee was injured."

The basis of this statement was that the court in the first six paragraphs of the charge fully and fairly set forth the respective pleadings of the parties, and in the seventh referred the jury to the pleadings for a fuller description of the issues. This, together with the remainder of the charge, we considered,

and still think, directed the jury's attention to the particular grounds of negligence alleged by appellee, as a basis for determining the question of negligence by appellant.

Motion is overruled.