**MISSOURI, K. & T. RY. CO. OF TEXAS v. LONG. (No. 996–4864.)**

Commission of Appeals of Texas, Section A. Nov. 23, 1927.

**I. Trial &#10132;352(1)—Where case is submitted on special issues, it is improper to group facts and special issues and so submit them as to call for general verdict.**

Where case is submitted to jury on special issues, it is improper for trial court to group facts and special issues and so submit them to jury as to call for general verdict.

**2. Trial &#10132;215—Court, in submitting special issues, should confine instructions to explanations of legal terms necessary to enable jury to render verdict on issues presented (Rev. St. 1925, art. 2189).**

Under Rev. St. 1925, art. 2189, court should, in submitting special issues, confine his instructions to such explanation and definitions of legal terms as shall be necessary to enable jury to properly pass upon and render verdict on issues presented.

**3. Railroads &#10132;307(4)—"More than ordinarily dangerous crossing" is one which reasonably prudent person, exercising ordinary care, could not use with safety.**

A railroad crossing is not "more than ordinarily dangerous as nighttime crossing," unless its condition is such that reasonably prudent person could not by exercise of ordinary care use same with safety.

**4. Trial &#10132;219—Refusal to explain term, "more than ordinarily dangerous as nighttime crossing," in special issue submitted in action for death, held error (Rev. St. 1925, art. 2189).**

In action for damages for death occurring at railroad crossing, refusal to explain or de-

fine term, "more than ordinarily dangerous as nighttime crossing;" in special issue submitted, whether crossing where decedent was killed was more than ordinarily dangerous as nighttime crossing *held* error, under Rev. St. 1925, art. 2189, even if charge requested was not full enough, where railway company duly and seasonably excepted to main charge on account of its failure to explain term; term not being so plain and elementary as to require no explanation or definition.

**5. Railroads &#10132;350(5)—Whether railroad knew or should have known of unusual danger at crossing held for jury.**

In action for damages for death of motorist at railroad crossing, question whether railway company knew of unusual danger at crossing, consisting of city lights which travelers faced, or by exercise of ordinary care should have known, was an issue to be determined by jury.

**6. Railroads &#10132;307(4)—Railroad was not responsible for crossing accident because of unusual danger, unless it knew or should have known of danger.**

Railway company was not responsible for death of motorist at crossing on account of unusual danger produced by city lights which travelers faced, unless company knew of such danger, or by exercise of ordinary care should have known.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Mrs. S. H. Long, for herself as widow and for her children, against the Missouri, Kansas & Texas Railway Company of Texas, for the death of S. H. Long. Judgment for plaintiff was affirmed by the Court of Civil Appeals (293 S. W. 184), and defendant brings error. Reversed and remanded.

C. C. Hoff, of Dallas, Tyler & Hubbard, of Belton, and J. M. Chambers, of Dallas, for plaintiff in error.

Walker Saulsbury and Winbourn Pearce, both of Temple, for defendant in error.

CRITZ, J. This suit was instituted in the district court of Bell county, Tex., by Mrs. S. H. Long, surviving wife of S. H. Long, deceased, for the use and benefit of herself and their minor children for the recovery of damages alleged to have been sustained by them on account of the death of their father, S. H. Long, alleged to have occurred at a crossing of defendant railroad in Bell county, Tex., near the city of Temple. A trial in the district court by jury on special issues resulted in a verdict and judgment for the plaintiff. Appeal was duly perfected to the Court of Civil Appeals for the Third District, which court affirmed the judgment of the district court (293 S. W. 184), and the case is before this court on writ of error granted on application of the railroad company.

At the request of the defendant in the district court, the cause was submitted to the

jury on special issues, and special issue No. 1 submitted reads as follows:

"Do you find from a preponderance of the evidence that the conditions surrounding the crossing in question were such as to render that crossing more than ordinarily dangerous as a nighttime crossing?"

This issue was answered by the jury in the affirmative. The defendant in the trial court excepted to the charge of the court, on the ground that it nowhere told the jury what would constitute a more than ordinarily dangerous nighttime crossing, and requested the court to give the jury the following special charge:

"In considering your answer to special issue No. 1, you are instructed that a nighttime crossing would not be more than ordinarily dangerous unless its condition was such that a reasonably prudent person could not, by the exercise of ordinary care, use the same with safety."

The Court of Civil Appeals, in passing upon this assignment, says:

"Appellant's fourth and seventh propositions assert that the court erred in refusing to give certain requested special charges, explanations, or instructions in connection with special issues 1 and 2. Error is based solely upon the refusal to give the requested instructions, which are in effect but general charges, grouping certain facts and instructing the jury to answer the issues 'No' if they found such state of facts to exist."

The Court of Civil Appeals here quotes the case of Freeman v. Railway Co. (Tex. Com. App.) 287 S. W. 902.

The Revised Civil Statutes of Texas 1925, art. 2189, reads as follows:

"In all jury cases the court may submit said cause upon special issues without request of either party, and, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. If the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with the succeeding article."

[1, 2] This court has repeatedly held that, where a case is submitted to the jury on special issues, it is improper for the trial court to group the facts and special issues and so submit them to the jury as to call for a general verdict. Freeman v. Railway Co. (Tex. Com. App.) 287 S. W. 902, and Tex. &

N. O. Ry. Co. v. Harrington et al. (Tex. Com. App.) 235 S. W. 188, and authorities there cited. The court should, in submitting special issues, confine his instructions to such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on the issues presented.

We do not believe that the requested charge violated either of these rules, and we think the Court of Civil Appeals erred in so holding. The requested charge was not a general charge, and does not invade the province of the jury by telling them how to answer the issues submitted but merely explains the term used by the court, "more than ordinarily dangerous as a nighttime crossing."

[3] We are further of the opinion that the requested charge correctly explains and defines "more than ordinarily dangerous as a nighttime crossing." In the case of M., K. & T. Ry. Co. v. Magee, 92 Tex. 616, 50 S. W. 1013, our Supreme Court, speaking through Judge Brown, approves the holding in the case of Railway Co. v. Matthews, 36 N. J. Law, 534, in which that court said:

"In this narrow aspect, the rule laid down was this: That, if that particular place was so peculiarly dangerous that prudent persons could not use the public road in safety, unless the company employed a flagman or other extraordinary means to signal the approach of their trains, then, in such event, it was incumbent on them to employ such extraordinary means."

Thus it will be seen that our Supreme Court, in approving the holding of the New Jersey court, has in effect defined an extraordinary place of danger as a place so peculiarly dangerous that prudent persons cannot use the same with safety, unless extraordinary means are used to protect such place. This same authority is again quoted with approval by the Court of Civil Appeals in the case of Gillham v. St. Louis, S. W. Ry. Co., 241 S. W. 512, in which it is held in effect that a crossing that is more than ordinarily dangerous is a crossing that is so peculiarly dangerous that prudent persons cannot use it in safety. The case of St. Louis & Southwestern Railway Co. of Texas v. Waits (Tex. Civ. App.) 164 S. W. 870, also approves the same definition in substance, by approving the charge of the trial court, which, in substance, defined a more than ordinarily dangerous crossing as one that is so peculiarly dangerous that a person of ordinary prudence could not use the same with safety, etc.

[4] Counsel for the defendant in error very ably presents the proposition that the term, "more than ordinarily dangerous as a nighttime crossing," is so plain and elementary as to require no explanation or definition. We are unable to agree to this proposition. In the case of Traction Co. v. Jenkins, 266 S. W. 175, the Court of Civil Appeals held

that it was error to refuse to define the words, "proper lookout," and in the case of Patterson v. Williams (Tex. Civ. App.) 225 S. W. 89, it was held that the refusal, on proper exception, to define the words "improper" and "dangerous" was error. The term, "more than ordinarily dangerous as a nighttime crossing," is certainly no more elementary than the term, "proper lookout," or the terms "improper" or "dangerous." The controlling issue to be decided by the jury was whether the crossing was more than ordinarily dangerous, etc., and it was therefore absolutely necessary that they fully understand the meaning of the issue submitted.

The defendant in error insists that the requested charge does not correctly define the term used in the charge. We do not agree with this contention, but, if the charge was not full enough, still it was error for the trial court to refuse to explain or define this term, for the reason that the railway company duly and seasonably excepted to the main charge on account of its failure to explain this term.

The railway company requested the trial court to submit the following special issue to the jury:

"If you answer special issue No. 1 in the affirmative, then answer this question: Were the conditions which you find render such crossing more than ordinarily dangerous as a nighttime crossing known to the defendant, or were they such conditions as ought to have been known to it by the use of ordinary care?"

[5, 6] The railway company also duly and seasonably excepted to the court's main charge, on account of the failure of such charge to limit the jury to a consideration of the conditions which were shown to have been known to the railway company, or ought to have been known to it, by the use of ordinary care.

We do not believe that lack of knowledge is always a defense to an action of this kind, but, in view of the fact that it is alleged and contended that the lights of the city of Temple, at a considerable distance, but close enough to this crossing to be seen by the users of the highway, traveling west, constantly burn at night, and are faced by such travelers, etc., and this is one of the circumstances that it is alleged rendered the crossing more than ordinarily dangerous at night, and in view of the further fact that the railway company would not, as a matter of law, be presumed to have known this peculiar or unusual condition as to such lights, we think that the railway company would not be held responsible on account of any unusual danger produced at said crossing by such lights, unless the company knew of such conditions, or by the exercise of ordinary care should have so known. This is an issue to be determined by the jury from the facts, either direct or circumstantial.

Plaintiff in error urgently insists that there is no evidence in the record to sustain the verdict of the jury. We have carefully examined the statement of facts and the opinion of the Court of Civil Appeals, and, while the evidence in favor of the verdict is very meager, still we are not prepared to hold, as a matter of law, that there is no evidence in the record that will sustain the verdict.

On account of the errors discussed, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to the district court for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.