### KERSEY v. SWIDLER et ux.
### No. 11967.

Court of Civil Appeals of Texas.
San Antonio.
June 22, 1949.

Rehearing Denied July 13, 1949.

Levey & Goldstein, San Antonio, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, Melvion R. Luter, San Antonio, for appellees.

NORVELL, Justice.

This case involves an automobile collision between a Chevrolet sedan driven by Ruby Swidler and a Buick sedan driven by O. G. Kersey. In the Justice Court Ruby Swidler and her husband, Nate Swidler, were plaintiffs and Kersey was defendant. The Swidlers recovered a judgment and upon trial de novo in the County Court they also prevailed.

A short stipulation as to the facts was entered into by the parties, which reads as follows:

"I. That on the 8th day of February, A.D. 1947, Plaintiff's wife, Ruby Swidler, was driving Plaintiff's 1940 Sedan in an easterly direction on West Craig Place, in the City of San Antonio, Bexar County, Texas. That the said Ruby Swidler drove said automobile up to the stop sign at the intersection of West Craig Place and North Zarzamora Street, and brought her automobile to a stop. At said time she looked to the right and left and proceeded into said intersection. At about the time the front of her automobile reached a point nearly two-thirds (⅔) of the distance across said intersection, the right rear of said automobile was struck by an automobile owned and operated at the time by Defendant. That as a result of said collision Plaintiff's automobile was damaged in the sum of One Hundred Eighty-three Dollars and Fifty Cents ($183.50) and was reduced in value by said sum.

"II. That Defendant was driving his 1941 Buick Special Four-Door Sedan north on North Zarzamora Street at a speed of twenty-five (25) miles per hour and was between twenty-five (25) and Thirty (30) feet from the intersection of North Zarzamora Street and West Craig Place at the time the said Ruby Swidler entered said intersection. That Defendant attempted to stop his automobile and swerve to the left in order to avoid hitting Plaintiff's automobile, but was unable to do either. That the right front of Defendant's automobile

struck the right rear of Plaintiff's automobile. That as a result of said collision Defendant's automobile was damaged in the sum of Three Hundred One Dollars and Fifty Cents ($301.50), and was reduced in value by said sum.

"III. That the stop sign at the intersection of West Craig Place and North Zarzamora Street exists by virtue of an ordinance of the City of San Antonio which was in full force and effect at the time of this collision. That there is no stop sign at such intersection regulating traffic on North Zarzamora Street. That the said Ruby Swidler, approaching from Defendant's left, entered said intersection before Defendant entered same."

According to the stipulation, Kersey was driving north on N. Zarzamora Street at a legal rate of speed, and when he was between twenty-five and thirty feet from the intersection of North Zarzamora and West Craig Mrs. Swidler entered the intersection. Kersey then attempted to stop his automobile and swerved to the left in order to avoid hitting plaintiff's automobile, but was unable to avoid the collision. It is a matter of mathematical calculation that an automobile being driven at the rate of twenty-five miles an hour travels approximately thirty-six feet per second. The stipulation discloses no facts from which it could be inferred that Kersey's rate of speed—twenty-five miles per hour—was dangerous or reckless, or that his conduct was not that of a person of ordinary prudence. No speed or traffic regulation was violated and the judgment against Kersey can not stand.

We consider next the asserted liability against Mr. and Mrs. Swidler. This collision took place prior to the effective date of the Uniform Act Regulating Traffic on Highways, Acts 1947, 50th Leg. p. 967, Ch. 421, Article 6701d, Vernon's Ann.Civ. Stats. Article 801(E), Vernon's Ann. Penal Code, is apparently applicable to the case, and it is therein provided that: "Except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

It was not shown upon the trial that there was a municipal regulation adopting a rule contrary to that set forth in the statute.

We think it evident from the terms of the stipulation that Mr. Kersey was conforming to the rule of ordinary prudence in operating his automobile and that when Mrs. Swidler drove her automobile into the intersection from the left and in front of Kersey's automobile, and only twenty-five to thirty feet distant therefrom, she did so under circumstances which reasonably indicated danger of collision. She failed to yield the right-of-way, as required by the statute and was negligent as a matter of law. Roddy v. Herren, Tex. Civ.App., 125 S.W.2d 1057; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962; Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816.

The judgment appealed from is reversed and judgment here rendered that Nate Swidler and Ruby Swidler take nothing as against O. G. Kersey, and that O. G. Kersey do have and recover of and from Nate Swidler and Ruby Swidler the sum of $301.50.