## DEWHURST et al. v. SOUTH TEXAS RENDERING CO.

### No. 12100.

Court of Civil Appeals of Texas. San Antonio.

May 31, 1950.

Rehearing Denied July 19, 1950.

Elledge, Elledge, Urban & Elledge, Earl Cox, all of Houston, for appellants.

Guittard & Henderson, Victoria, Kemp, Lewright, Dyer & Sorrell, Warren & Groce, all of Corpus Christi, for appellee.

NORVELL, Justice.

David H. Dewhurst, Jr., was killed in a road intersection collision between a station wagon he was driving and a truck owned by the South Texas Rendering Company. His widow, Martha Harris Dewhurst, individually and as guardian of the minors, David H. Dewhurst III and Eugene Harris Dewhurst, brought suit against the company and Texas Employers' Insurance Association intervened therein. Dewhurst was an employee of the W. J. Harris Contracting Company and met his death while working in the course of his employment with said company. Texas Employers' Insurance Association was the workmen's compensation insurance carrier and prayed that it be subrogated to the rights of plaintiffs, in so far as amounts paid out and to be paid out by it as compensation are concerned. Judgment was rendered against plaintiffs and intervener upon jury findings that Dewhurst was guilty of contributory negligence.

Mrs. Dewhurst and her coappellants contend that there is no evidence supporting these findings and that the trial court erred in overruling their motion to disregard the jury's answers to Special Issues Nos. 24 to 27, inclusive, whereby the jury found that Dewhurst was travelling at an excessive rate of speed "just before and at the time of the collision"; that he "failed to keep a proper lookout for vehicles approaching and in the intersection where the collision occurred," and that such act and omission were proximate causes of the collision.

The crossing where the collision occurred is located outside the corporate limits but near the City of Victoria, Texas. About 5 p. m. on November 5, 1948, appellee's servant, Matias Munoz, acting within the scope of his employment, was driving a truck owned by appellee in a westerly direction along a gravel road known locally as the Lone Tree Road. Dewhurst was travelling south along a dirt road which intersects the east-west Lone Tree Road at right angles. The two vehicles collided at this intersection. Munoz was the only eyewitness to the collision and while he was examined and cross-examined at length upon the trial, his testimony is capable of brief summarization.

According to Munoz, he first observed the station wagon approaching the intersection when it was about 150 feet therefrom. He estimated its speed at 40 to 50 miles per hour. At this time, Munoz was closer to the intersection than was the station wagon, which was approaching from Munoz's right. However, he testified that both vehicles slowed down and reached the immediate approach to the intersection at about the same time, and the jury found accordingly that the vehicles entered the intersection at approximately the same time.

In his deposition, taken prior to the trial, Munoz testified that the Dewhurst station wagon came to a complete stop prior to entering the intersection. Upon the trial, however, he stated that the last time he saw the station wagon prior to the collision it was still rolling slowly toward the intersection. Although Munoz had stated that he knew that the vehicle approaching from the right had the right-of-way, he testified that "when I see him stop (slowing down), I figure he will stop and let me get by. That is what I was going by. When he got to the gravel road, I took a look to my left (the station wagon was approaching from the right) to see if anybody was coming and when I looked right again and heard the noise and saw him going in front of me."

The foregoing is the substance of Munoz's testimony which was reiterated by him over and over again.

Dorien Cornelius, a member of the State Highway Patrol, testified that he made an investigation of the collision, and the following statements are taken largely from his uncontradicted testimony and from photographs introduced in evidence.

At the time the impact occurred, the station wagon had almost passed in front of the truck. The front end of the truck struck the left rear part of the station wagon, causing it to turn completely around and come to rest thirty-five to forty

feet distant from the point of collision and across a borrow pit three or four feet deep. The truck swerved off to the left of the gravel road, crossed a borrow pit, and finally stopped in a field about 250 feet from the point of collision. Cornelius marked the point of collision from the displaced gravel on the road. He was of the opinion that the station wagon had been struck a glancing blow which, together with the loose gravel upon the road, caused it to spin around rather than turn over.

Munoz's testimony supports the jury's findings that the two vehicles entered the intersection at approximately the same time; that Munoz failed to yield the right-of-way, as required by the provisions of Section 71(b) of the Uniform Act Regulating Traffic on Highways, Article 6701d, § 71(b), Vernon's Ann.Civ.Stats., and that this failure was a proximate cause of the collision. (The jury found that Munoz was negligent in numerous other particulars proximately causing the collision, but it is not deemed necessary to mention them here.) Judgment, therefore, should go against appellee unless the plea of contributory negligence is supported by the evidence.

▉▉▉ After a careful examination of the statement of facts, we have come to the conclusion that there is *no evidence* supporting the jury's findings that Dewhurst was travelling at an excessive speed at the time of the collision or that he failed to keep a proper lookout. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. Appellants' motion for judgment should have been sustained.

While the testimony of Munoz was not necessarily binding upon the jury, disbelief in his statement that the station wagon was moving slowly into the intersection is not evidence that the driver of the station wagon was travelling at an excessive rate of speed without maintaining a proper lookout. Testimony of a witness that an automobile was travelling at the rate of ten miles per hour at a certain time can not in itself be considered as testimony that the vehicle was travelling at the rate of

sixty miles per hour. There must be something more than mere disbelief in the ten-mile per hour testimony to support a sixty-mile per hour finding. We do not agree with appellee's argument that the jury "could have disregarded that portion of Munoz's testimony relating to the deceased slowing his automobile down as he was nearing the intersection and could have believed his testimony with reference to the rate of speed of forty or fifty miles an hour and used that as a factor in arriving at their verdict." This argument involves a presumption of negligence. It is assumed that because a person was travelling at a non-negligent rate of speed of forty miles per hour at the safe distance of 150 feet from the crossing, he continued to maintain such speed upon entering an intersection where slower speed and caution were required. We think what was said in Missouri, Kansas and Texas R. Co. v. Long, Tex. Civ.App., 293 S.W. 184, 188, reversed on other grounds, Missouri, K. & T. Ry. Co. v. Long, Tex.Com.App., 299 S.W. 854, is applicable here, viz.: "No such presumption prevails in this state that an injured person is guilty of contributory negligence merely because an accident happened, but, on the contrary, the rule is that it will be presumed that the injured person was in the exercise of due care for his own safety when the accident occurred." See also, Texas Electric Ry. Co. v. Crump, Tex.Civ. App., 212 S.W. 827.

▉▉▉ It is also the rule that "contributory negligence is not established by evidence which is equally consistent with the exercise of the care by plaintiff, or where the inference of due care is just as reasonable as is the inference of the absence thereof." Jordan v. City of Lubbock, Tex. Civ.App., 88 S.W.2d 560, 563; Salter v. Galveston, H. & S. A. Ry. Co., Tex.Civ. App., 285 S.W. 1112.

We do not believe the findings of excessive speed and failure to keep a proper lookout are supported by the physical condition of the vehicles after the collision, nor their respective positions with reference to the roads and the point of impact. It is undisputed that the station wagon was

in motion at the time the left rear part thereof was struck by the front part of the truck, but the fact that the collision caused the station wagon to spin around is not an indication of excessive speed on the part of the station wagon, although the inference as to the speed of the truck is clear enough. Not only is a naked inference of excessive speed on the part of Dewhurst unauthorized by the physical facts, but the witness Cornelius stated that in his opinion the speed of the station wagon had nothing to do with its spinning around, but rather attributed this phenomenon to loose gravel upon the highway, as otherwise the force of the impact would probably have caused the station wagon to overturn.

■ It may be conceded that the evidence in this case is not as clear as could be desired for an accurate determination of the issues of liability. In such circumstances a jury in honestly attempting to solve the problems presented to it may often fail to distinguish between mere surmise and permissible inference. It is, however, the duty of a reviewing court, having the written record before it, to disregard findings having no support in the evidence when proper predicate for such appellate action has been laid. The law prefers a judgment based upon recognized rules relating to the burden of proof and legal presumptions rather than one based upon mere surmise and speculation.

■ One fact that seems to stand out in this case is that Dewhurst was entitled to the right-of-way under the provisions of Article 6701d, § 71(b), Vernon's Ann.Civ. Stats., and while this circumstance did not excuse him from the duty of exercising care, his presence in the intersection can not be taken as an indicia of negligence under the facts of this case. Kersey v. Swidler, Tex.Civ.App., 223 S.W.2d 242.

We sustain appellant's first point. The judgment of the trial court is reversed and judgment here rendered for appellants as prayed for in their motion for judgment notwithstanding the jury's answers to Special Issues Nos. 24, 25, 26 and 27, e. g., that Martha Harris Dewhurst, individually, have judgment against appellee, South Tex-

as Rendering Company, for the sum of $11,-186.00, and that said Martha Harris Dewhurst, as guardian of the persons and estates of David H. Dewhurst III and Eugene Harris Dewhurst, minors, also have judgment against said appellee for the sum of $12,000.00. Such awards are subject to the right of the intervener, Texas Employers' Insurance Association, and shall bear interest from October 12, 1949, until paid, at the rate of six per cent per annum.

■ Appellants' second and third points are presented in the alternative and need not be discussed, other than to say that if we be mistaken in rendering this cause, we are of the opinion that it should be remanded for another trial. The holding that there is no evidence sustaining the jury's answers to Special Issues Nos. 24, 25, 26 and 27, includes a holding (raised by a proper point) that the evidence is insufficient in fact to support the jury's answers to said issues. Liberty Film Lines v. Potter, 136 Tex. 49, 146 S.W.2d 982.

Reversed and rendered.

### On Motion for Rehearing.

Upon rehearing, appellee urges that we erred in holding that there is no evidence that Dewhurst failed to keep a proper lookout. We have again examined the evidence bearing upon this issue, but adhere to our original conclusion that the jury's finding thereon is based upon mere surmise and speculation.

We did not hold in our original opinion that the fact that Dewhurst had the right-of-way absolved him from maintaining a proper lookout. Such cases as Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, and Stehling v. Johnson, Tex.Civ.App., 32 S.W.2d 696, are not controlling here. This case must be decided upon its own facts.

We think the difference between appellee's view of the case and that expressed by us in our original opinion may be pointed up by quoting a summation of argument taken from appellee's motion, wherein it is said that: "Munoz further testified that he never did stop, but that the Dewhurst car slowed down as if to stop, thus leading Munoz to believe that Dewhurst would

stop. He testified on cross examination, 'Q. How fast were you going when you last saw this man in this station wagon? A. That is when I slowed down; that is when he slowed down, thought he would let me go by, that is when I speeded up my truck.' *Therefore, Dewhurst entered the intersection in the path of a moving vehicle, indicating that he kept no lookout.* Heedlessly and without keeping a lookout, he put himself in a place of danger."

According to Munoz, he brought his truck almost to a stop before he entered the intersection. His testimony on the point was as follows:

"Q. And to what speed did you slow? A. I slowed it pretty slow.

"Q. How fast? A. *I slowed it nearly to stop.*

"Q. Nearly to stop? A. Yes, sir."

Instead of saying, as does appellee, that the evidence shows that Dewhurst drove in front of the truck because he failed to keep a proper lookout and did not see the vehicle, it is as reasonable to say that Dewhurst observed the truck, saw that it was slowing down almost to stop, and then proceeded across the intersection because he was entitled to the right of way. Under this view of the case, Dewhurst's action can not be characterized as negligent. The provisions of the law relating to right of way are not without force or meaning and, as pointed out in the original opinion, the law will not denounce as negligent an act which may with equal reason be accounted for by a hypothesis based upon due care and caution.

According to Munoz, the collision was caused by his unwarranted assumption that Dewhurst would not enter the intersection. He thereupon speeded up his truck and drove suddenly into the intersection without looking in the direction of the Dewhurst car. If Munoz's testimony be disregarded, there remains nothing substantial upon which a legitimate inference of negligence on the part of Dewhurst can be based. We are not willing to subscribe to the theory that the mere showing that a collision occurred at an open country road intersection, in itself, is sufficient to raise the issue of negligent failure to maintain a proper lookout.

Other matters raised by appellee's motion have been sufficiently discussed in our original opinion. We adhere to the holdings therein stated. Appellee's motion for rehearing is overruled.