Martha Dixon GARDNER, Appellant,

v.

Wilburn C. BAILEY, Jr., Appellee.

No. 5593.

Court of Civil Appeals of Texas.

El Paso.

Feb. 5, 1964.

Rehearing Denied March 4, 1964.

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Lipscomb, Fisk & Cox, El Paso, for appellee.

PRESLAR, Justice.

This is an automobile collision case in which plaintiff, Wilburn C. Bailey, Jr., recovered judgment against defendant, Martha Dixon Gardner, for injuries to plaintiff's wife arising out of a collision between a car driven by her and one driven by Mrs. Gardner. The collision occurred on Chaffee Road, within the confines of Fort Bliss, Texas, a United States military reservation. Trial was before the court without a jury, on pleading of the plaintiff alleging certain acts of common law negligence, and pleading of the defendant consisting of a general denial and allegations of contributory negligence. There was a cross action by the defendant, but the court's denial of relief on it is not appealed.

Defendant, as appellant, assigns as error certain findings of fact and conclusions of law filed by the court. Summarized, the findings of fact and conclusions of law of the trial court are as follows: that the plaintiff's wife, Elaine W. Bailey, was driving their automobile in an easterly direction in the left-hand lane of Chaffee Road, when the motor vehicle driven by defendant Martha Gardner emerged from the exit of the parking area of Building 777 on Chaffee Road, intending to turn left in a westerly direction, and collided with and ran into the right front grill and fender of the motor vehicle driven by Elaine W. Bailey; that there was a plainly visible stop sign at the exit on to Chaffee Road; that Martha Gardner failed to keep a proper lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances; that Martha Gardner failed to yield the right of way to Elaine W. Bailey; that plaintiff Elaine W. Bailey kept a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances, and was guilty of no act of contributory negligence and had the motor vehicle she was operating under proper control; that as a proximate result of the collision Elaine W. Bailey suffered in the past mental and physical pain, loss of earning capacity, incurred medical expenses, damage to plaintiff's automobile, and will, in the future, suffer such pain and incur medical expenses and loss of earning capacity; that the sum of $9,263.53 would reasonably compensate the plaintiff for the injuries, and plaintiff was entitled to recover such amount from defendant; that the defendant Martha Gardner was under a common-law duty to keep a proper lookout and her failure to do so was a proximate cause of the collision; that she was under a common-law duty to yield the right of way and her failure to do so was negligence which proximately caused the collision;

that Elaine W. Bailey was guilty of no act of proximately causing the collision.

Appellant presents twelve assignments of error, all based on the court's findings of fact and conclusions of law, so that it is necessary to discuss the evidence in great detail for an understanding of our conclusion that the judgment should be affirmed.

■ Appellant urges that the evidence is insufficient to support the court's finding that she failed to keep a proper lookout. The evidence is that as appellant approached the exit on to Chaffee Road she intended to turn to her left, go west on Chaffee Road, and that a line of cars headed easterly on the outside lane had stopped for a red light to the east of the exit, but had left the exit open. There was a car in front of her, and the driver of a car situated just west of the exit signaled that car to proceed into Chaffee. That car proceeded into Chaffee and appellant pulled up to the exit and stopped and looked both ways. The driver of the car situated west of the exit signaled her on and she pulled out into the intersection past that car, and had turned about 20 degrees, when she collided with the appellee's car. The left front of appellant's car collided with the right front of appellee's car. Appellant's immediate supervisor, or "boss", was behind her and corroborated her testimony that she looked both to the left and right while stopped at the stop sign. Appellee's car was in the inside lane and going east on Chaffee Road at the time of the collision. Appellant is insistent that her view was not blocked and that she could clearly see in the direction she intended to turn, and from which direction appellee was approaching. In brief, appellant says she could see, she looked, but she did not see the approaching car. It is the duty of a driver about to enter a favored street not only to look, but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273. In that case it was held that the facts and circumstances, including testimony that the person, after stopping, entered the intersection and drove forward slowly, steadily and directly into the path of the other automobile, supported the jury's findings that the collision was proximately caused by the failure to keep a proper lookout. In a fact situation similar to the case at bar the Supreme Court, speaking through Justice Culver, said:

"The findings can be reconciled on the basis that Mrs. Ethridge was not negligent in failing to keep a proper lookout while stopped and before attempting to enter the intersection, but that she was guilty of negligence in failing to keep a lookout thereafter. The obligation rests upon the automobile driver not only to keep a proper lookout while stopped and before starting to cross, but at all times thereafter until the crossing has been negotiated in safety. Certainly one is negligent who looks both ways while stopped before entering the intersection and then proceeds blindly ahead." Traywick v. Goodrich, 364 S.W.2d 190 (Tex.S.Ct., 1963).

■ In the case before us, if we consider all the facts and circumstances as shown by all the evidence, we arrive at the conclusion that the findings of the court in this regard is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. The mere fact that an accident happened is not evidence of failure to keep a proper lookout; but here, there was more than the mere happening. It was a bright, clear day. Appellant intended to turn to the west; appellee's car was approaching from that direction; it was a moving object; appellant failed to see it; her attention should have been directed in that direction—the direction which she intended to turn—and was, in fact, in the process of doing so when the collision occurred. The trial court's conclusion that the appellant's failure to keep a

proper lookout was the proximate cause of the collision is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, when all the evidence is considered. Appellant Martha Gardner was insistent that she could see, and the evidence is that had she seen, she was in a position to avoid the accident by not pulling out, or by stopping; and but for her failure to see the approaching car, the accident would not have happened. Appellant's Points I and V are accordingly overruled.

■■ Appellant urges the error of the trial court in finding that the appellant failed to yield the right of way to appellee's wife, and that such failure was negligence and a proximate cause of the accident. We hold that such findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. It would not add to an understanding of the case to again set out, in detail, more of the evidence in this now too long opinion, but it is clear from the evidence that Chaffee Road was the favored street, in that it was a four-lane thoroughfare, heavily traveled at the time, while the way upon which appellant was traveling was an exit way from a parking area, and which came from nowhere and went nowhere except to empty out on to Chaffee Road. If the statute were controlling here (Vernon's Ann.Civ.St. Art. 6701d), the question of right of way would be determined by sub-section 74, regarding vehicles entering highways from private roads or driveways, as distinguished from right of way at intersections generally. In the absence of statutory control, the trial court correctly held that appellant was under a common law duty to yield the right of way, and that she was thus under a duty to exercise that degree of care as would have been exercised by an ordinarily prudent person. In pulling into the path of the car on a favored street, when such car was in hazardous proximity, she was negligent and such negligence was a proximate cause of the accident. Appellant's Points of

Error numbered II, VI, VII, and VIII are overruled.

■ Appellant brings forward as error the finding of the trial court that Elaine W. Bailey kept a proper lookout, and by separate points of error says there is no evidence to show this, and that the finding is against the great weight and preponderance of the evidence. We overrule the contention of no evidence because there is evidence of probative force to support such finding. We are also of the opinion that such finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust considering all the evidence. The direct evidence of what Mrs. Bailey was doing at the time just prior to the collision comes from her, an interested witness, but it describes things that the other witnesses also describe. The trier of facts, as the sole judge of the credibility of the witnesses, could believe or disbelieve; and he apparently believed the witness Bailey. Mrs. Bailey testified that she was keeping a lookout for cars in front of her; that she was looking straight ahead; that she observed the line of cars along the right-hand lane of Chaffee Road; that she was slowly passing such cars; that there were a number of such cars, although she did not know how many, and that she saw the car at the exit way (from which the signal was given to Mrs. Gardner to proceed); that she observed the traffic light at the intersection of Chaffee Road and Pleasanton, but did not remember whether it was red or green; that she saw the car of Mrs. Gardner as it proceeded from behind the line of cars on her right, and she saw an approaching car in the lane to her left. From such evidence we think the trier of facts might reach the conclusion which he did. Points III and IV are accordingly overruled.

All other points of error have been considered and are overruled.

The judgment of the trial court is affirmed.