**Mrs. Ben HALE, Appellant,**

**v.**

**Joe Jesse BAKER et al., Appellees.**

**No. 5758.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 1, 1965.

Rehearing Denied Dec. 22, 1965.

Huff & Bower, Lubbock, O. E. Halsel, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Odessa, for appellees.

PRESLAR, Justice.

This is an intersection collision case in which a take-nothing judgment was rendered based on findings of the jury that the collision resulted from the negligence of both drivers. Defendant Baker was found to have been negligent in several acts, with which we are not directly concerned here, for the sole basis of the appeal is in regard to the jury's findings that the plaintiff's decedent failed to keep a proper lookout and that such was a proximate cause of the collision. The assignments of error are directed at these findings in three points— (1) that there was no evidence to support such findings; (2) the evidence was insufficient to support them; and (3) that such findings are against the great weight and preponderance of the evidence.

We are of the opinion that the judgment should be affirmed, and in arriving at that conclusion we have followed the familiar rules for appellate determination of such assignments by first disposing of the law question of "no evidence" before passing on the fact question of the "sufficiency of the evidence". Where the assignment is that there is "no evidence", the reviewing court considers only the evidence favorable to the finding and must sustain the finding if there is evidence of probative force to support it. Hartford Accident & Indemnity Co. v. Gant, Tex. Civ.App., 346 S.W.2d 359; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696. In determining "insufficiency of the evidence" or "contrary to the great weight and preponderance" points, we must consider and weigh all the evidence in the case, and set

aside the verdict and remand for a new trial if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust; both the evidence for and against the finding is considered. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660. Thus, appellant's points 2 and 3 are one and the same for our determination here.

The collision occurred at the intersection of Barrow Street and the Andrews Highway in the City of Odessa, Texas. The Andrews Highway is a heavily traveled thoroughfare with two lanes of traffic for each direction and runs north and south. Defendant Baker was traveling south on it on the occasion in question. Barrow Street has one lane of traffic for each direction and intersects Andrews Highway from the west at right angles, but does not continue to the east at this point, so that one traveling east on Barrow (as was the decedent Hale) must turn either to the right or left upon reaching Andrews Highway. There is a stop sign on Barrow Street where it intersects Andrews Highway. The collision occurred as the decedent Hale drove his pickup truck from Barrow Street on to the Andrews Highway in an easterly or northeasterly direction, and Baker was driving south on the highway. The collision occurred about nine or ten o'clock in the morning of a clear day. In reaching its findings the jury had before it evidence that Hale stopped at the stop sign on Barrow Street; that he waited some eight or ten seconds for a small boy to cross the street; that he looked to his left and then pulled out into the intersection; that he proceeded into the intersection at a slow, steady rate of speed, turning slightly to his left (the direction from which the Baker car was approaching); that he was not seen to look to the left after leaving the vicinity of the stop sign; that he was looking straight ahead as he proceeded into the intersection; that Baker was in the inside lane next to the center line, and that was the point of impact. There were no ob-

structions to vision of either driver with regard to seeing the other. The jury had before it photographs of the area taken within a few minutes of the accident which showed the clear weather conditions and the absence of any obstructions to the view of the drivers as to each other. There were no other vehicles to obstruct their views. The evidence was fully developed, and it came from several eye-witnesses, an investigating officer and defendant Baker, and there was no great disparity or conflict in their testimony. Considering only the evidence favorable to the findings, we conclude that appellant's contention that there is no evidence to support them is without merit; there is some evidence of probative force to support them. And considering all the evidence in the record, we are of the opinion that the evidence is sufficient to support the findings; or, stated otherwise, the findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

 Appellant urges that the disposition of this case is controlled by Dewhurst v. South Texas Rendering Co., Tex.Civ. App., 232 S.W.2d 135, but we see nothing in the case before us of the element present in the Dewhurst case—one driver making such a change of speed as to mislead the other as to his intention to yield. The evidence as to keeping a proper lookout in the case before us is quite similar to that in Gardner v. Bailey, Tex.Civ.App., 376 S.W. 2d 85 (n. r. e.), and what we said there fits the facts here:

"The mere fact that an accident happened is not evidence of failure to keep a proper lookout; but here, there was more than the mere happening. It was a bright, clear day. Appellant intended to turn to the west; appellee's car was approaching from that direction; it was a moving object; appellant failed to see it; her attention should have been directed in that direction—the direction which she intended to turn—

and was, in fact, in the process of doing so when the collision occurred."

The same statement could be applied to the facts of the case before us by changing the names of the parties. In Gardner v. Bailey we also pointed out the holding of our Supreme Court that it is the duty of a driver about to enter a favored street not only to look, but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273. In that case it was held that the facts and circumstances, including testimony that the person, after stopping, entered the intersection and drove forward slowly, steadily and directly into the path of the other automobile, supported the jury's findings that the collision was proximately caused by the failure to keep a proper lookout. Similar facts were before the jury in the case before us, and such facts are similar in several material respects to those in the case of Traywick v. Goodrich, 364 S.W.2d 190 (S.Ct., 1963), in which the court said:

> "The findings can be reconciled on the basis that Mrs. Ethridge was not negligent in failing to keep a proper lookout while stopped and before attempting to enter the intersection, but that she was guilty of negligence in failing to keep a lookout thereafter. The obligation rests upon the automobile driver not only to keep a proper lookout while stopped and before starting to cross, but at all times thereafter until the crossing has been negotiated in safety. Certainly one is negligent who looks both ways while stopped before entering the intersection and then proceeds blindly ahead."

While we do not characterize the actions of Mr. Hale as being that he moved "blindly" ahead, we are of the opinion that the evidence before the jury was such that it was not in error in finding that he failed to keep such a lookout as a person of ordinary care would have kept under the same or similar circumstances, and that such failure was a proximate cause of the collision.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.