**Nancy COOPER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 1:94–CV–0282.**

United States District Court,
E.D. Texas,
Beaumont Division.

May 30, 1995.

---

3. *See* Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403.

Woodson E. Dryden, Dryden Grossheim & Sutton, Beaumont, for plaintiff.

O. Kenneth Dodd, Assistant U.S. Attorney, Beaumont, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff Nancy Cooper (Cooper) filed this lawsuit against the United States of America under the Federal Torts Claims Act (FTCA), 28 U.S.C. section 1346(b), to recover damages for the costs and the injuries that she sustained when a United States Postal Jeep collided with her 1992 Toyota. After a bench trial on the merits, this court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### 1. Factual Findings

On July 7, 1993, Cooper finished work for the day and was driving home. She diligently waited in the inside turn lane with other north-bound traffic on 11th Street waiting to proceed west down College Street. Once the green arrow flashed, Cooper turned left and proceeded down College Street traveling in the far right lane.

At this time, Anderson was driving the Postal Jeep south on 11th Street. At the 11th and College Street intersection, a right-turn lane exists for those vehicles traveling south on 11th that wish to turn onto College without stopping at the traffic light. Those vehicles that use this turn lane must yield to oncoming traffic on College Street. Anderson entered this right-turn lane that empties into the west-bound College Street traffic.

The two vehicles collided as the Postal Jeep attempted to merge into the traffic flow on College Street. Cooper's Toyota was damaged in the accident. Cooper also suffered bodily injuries resulting in physical pain and suffering, mental anguish and loss of present, past and future wage earning capacity.

#### 2. Conclusions of Law

The FTCA provides that the United States is liable for negligent acts or omissions committed by its employees within the course and scope of their employment. 28

U.S.C. § 2674; *and see Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). In order to bring a FTCA claim, however, a plaintiff must exhaust all administrative remedies.

This case is properly before the court as Cooper properly has exhausted her administrative remedies. Further, Anderson was acting within the course and scope of his employment as a United States Postal Service employee at the time of the accident. The court, therefore, has jurisdiction over the parties and all matters in controversy pursuant to 28 U.S.C. section 1346(b).

■ Venue is also proper as the accident occurred in Beaumont, Jefferson County, Texas, which is in the Eastern District of Texas. 28 U.S.C. § 1402(b). The substantive law of the State of Texas controls an adjudication of the United States' tort liability in this case. *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

■ Under Texas law, common law negligence consists of three essential elements: (1) a legal duty owed by one person to another; (2) a breach of that legal duty; and (3) damages resulting from that breach of duty. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987) (citing *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975)). To maintain an action for negligence, a plaintiff must first establish the existence of a legal duty owed to him by the defendant. *Id.* The duty in this case is the application of the general duty to exercise reasonable care to avoid injuring others when obeying a yield sign and merging into traffic. Under Texas law,

> [t]he driver of a vehicle approaching the intersection of a different street or roadway shall stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign, yield right-of-way sign or traffic control device erected by public authority, and after so stopping, may only proceed thereafter when such driver may safely enter the intersection without interference or collision with

traffic using such different street or roadway.

Vernon's Ann.Civ.St. art. 6701d, Sec. 71(a).

■ Therefore, the court finds that defendant had a legal duty to obey the yield sign and exercise reasonable care in turning onto College Street. That failure to yield was not only negligent, but also a proximate cause of the accident in question. The court accords more weight to the testimony of the plaintiff in this case. Therefore, based on the testimony of the parties and the exhibits presented, it is the opinion of this court that the Postal Jeep failed to properly yield to westbound traffic on College Street before merging onto College. This negligence proximately caused the collision between Anderson's Postal Jeep and Cooper's Toyota.

■ The plaintiff also has a common law duty to keep a proper lookout for her own safety and the safety of others. *See Gardner v. Bailey,* 376 S.W.2d 85, 87 (Tex.Civ.App.— El Paso 1964, writ ref'd n.r.e.) (citing *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958)); *and see Traywick v. Goodrich,* 364 S.W.2d 190 (Tex.1963). Proper lookout is defined in Texas law as such lookout as would have been kept and maintained by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances on the occasion in question. *Lynch,* 314 S.W.2d at 275.

I find that the plaintiff was also negligent in failing to keep a proper lookout, and such failure was a proximate cause of the accident.

Accordingly, the court has determined the applicability of the following damage awards:

(A) The sum of $20,000.00 would reasonably and fairly compensate Cooper for her physical pain, suffering and mental anguish that resulted from her injuries.

(B) The sum of $8,500.00 would fairly and adequately compensate Cooper for her past, present and future lost wages due to this incident.

(C) The sum of $ 9537.50 would fairly and reasonably compensate plaintiff for medical expenses.

(D) The sum of $1043.54 would fairly and reasonably compensate Cooper for the

property damage to her vehicle that occurred as a result of this accident.

(E) The negligence of the plaintiff contributed 33 ⅓% to the occurrence of the accident in question.

(F) The negligence of the defendant contributed 66 ⅔% to the occurrence of the accident in question.

(G) The plaintiff's total recovery is reduced by the application of the comparative negligence statute of Texas. Tex.Civ. Prac. & Rem.Code § 33.001 *et seq.* (Vernon 1986).

(H) The plaintiff is entitled to judgment against the United States of America in the amount of $ 26,051.42.